UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 |
| Mark A. Swiedom | ) | |
| Dawna L. Swiedom | ) | CASE NO. 13-21049 |

**CHAPTER 13 PLAN**
Revision 2

The debtor(s) (hereinafter only Debtor) propose the following plan.  The debtor submits the following income and / or property to the trustee as is necessary for execution of the plan.

1. **Plan Payments**
   a.   The applicable commitment period in months is:       60

   b.   The folloing payments will be made to the trustee:

   | Period | Number of Months | Source | Monthly Payment | Total |
   |---|---|---|---|---|
   | 11/1/2013 to 4/1/2015 | 18 | Regular Income | $1,900.00 | $34,200.00 |
   | 5/1/2015 to 5/1/2018 | 37 | Regular Income | $1,830.00 | $67,710.00 |
   | Total months: | 55 | | **TOTAL:** | $101,910.00 |

   *The 5/1/15 step up increases the payment as Debtors' payment for their child's auto insurance ends.*

   c.   Debtor will contribute all tax refunds (combined federal and state) in excess of $1,200.00 per year, per debtor.

2. **Administrative Claims**
   Administrative expenses and claims, as allowed, shall be paid in full from the funds paid by the debtor to the trustee as follows:

   | | | |
   |---|---|---|
   | Trustee's fee not to exceed: | 10% | $10,191.00 |
   | Attorney's fees to be paid through the plan: | | $1,200.00 |
   | *To be paid over 10 months in the following amount:* | $120.00 | |
   | Administrative reserve: | | $4,420.85 |
   | Other: | | |

3. **Secured Claims**
   Claims secured by property of the estate shall be paid as follows:

   a.   **Pre-Confirmation Adequate Protection Payments** : No later than 30 days from the date of filing, the debtor shall make pre-confirmation adequate protection payments to the trustee for the benefit of the following creditors.  The trustee shall disburse pre-confirmation adequate protection payments upon confirmation, or as otherwise provided by rule.  A proof of claim must be filed for payment to issue. Pending confirmation, creditor(s) shall have an administrative lien on such payments, which shall be honored, subject to trustee's fees, in the event of dismissal prior to confirmation.

   Payments shall be made for each creditor in accordance with the payment schedule(s) respecting each creditor as indicated below.  All periodic payments are monthly unless stated otherwise.

   | Creditor | Collateral |
   |---|---|
   | TD Bank | 07 Ford Explorer Sport Trac |
   | Bank of America | 2008 Toyota Yaris |
   | Chase | 08 Kawasaki Mule - Farm vehicle. |
   | | |

b. **Secured Claims not in Arrears**. The following secured claims not in arrears shall be paid directly by the debtor pursuant to the existing contract(s) between the debtor and the creditor(s). The lien securing each claim shall not be impaired and the underlying claim shall not be discharged.

| Creditor | Collateral | Periodic Payment Amount | Next Payment Due Date |
|---|---|---|---|
| Wells Fargo | Debtor's residence at 27 Burnham Rd. Hebron ME | $2,078.00 | 11/01/13 |
|  |  |  |  |
|  |  |  |  |

c. **Secured Claims in Arrears**. Current payments on secured claims in arrears (which arrearage is to be cured in paragraph (d) below) shall be made by the trustee during the term of the plan from the funds paid by the debtor as follows. Payment amounts will be adjusted pursuant to the existing contract(s) between the debtor and each creditor. Payments made by the trustee pursuant to this paragraph constitute fill compliance with the existing contact between the debtor and each creditor. A proof of claim must be filed for payment to issue.

| Creditor | Collateral | Notes |  |
|---|---|---|---|
|  |  |  |  |
| Wells Fargo & Bank of America | 22 Ryder Street in Lewiston ME | Property will be surrendered, any deficiency to be treated as unsecured. |  |
|  |  |  |  |

**NOTE: For purposes of this plan, Debtor estimates that the unliquidated / contingent debt held by Wells Fargo / BOA, and secured by a note on 22 Ryder Street in Lewiston ME, shall be $20,000. Upon plan confirmation, this debt shall be treated as liquidated in the amount of $20,000. Upon completion of the plan and on discharge, any balance in excess of this amount shall be deemed fully discharged.**

d. **Arrearage on Secured Claims.** Arrearages on secured claims to cure defaults shall be paid form the funds paid by the debtor to the trustee as follows. A proof of claim must be filed for payments to issue.
   NA.

e. **910 Claims**. Claims as to which section 506 valuation is not applicable consist of claims secured by a purchase money security interest in a vehicle acquired for the personal use of the debtor for which the debt was incurred within 910 days prior to the bankruptcy filing, or, if the collateral is any other thing of value, the debt was incurred within one year prior to filing. The claim amount plus allowed interest shall be paid as follows from the funds paid by the debtor to the trustee.

| Creditor | Collateral | Principal | Interest to be paid (6.7%) | Total to be paid in Plan | Monthly payment by trustee | 1st / Last Payment (Anticipated) |
|---|---|---|---|---|---|---|
| TD Bank | 07 Ford Explorer Sport Trac | $6,800.00 | $455.60 | $7,255.60 | $600.00 |  |
| Bank of America | 2008 Toyota Yaris | $3,950.00 | $264.65 | $4,214.65 | $400.00 |  |
| Chase | 08 Kawasaki Mule - Farm vehicle. | $6,700.00 | $448.90 | $7,148.90 | $300.00 |  |

- f. **Non-910 Claims.** Claims as to which section 506 valuation is applicable consist of secured claims other than as described in paragraphs (a) through (e) above. The following secured claims shall be paid in full or to the extent of value. A proof of claim must be filed for payment to issue. Confirmation of the plan in a judicial determination of value as set forth below. Any undersecured portion of the claim shall be treated as unsecured.
**NA.**

- g. Any claim filed by a secured creditor with respect to such collateral will be treated as unsecured. The debtor consents to relief from stay with respect to such collateral, the debtor's consent does not affect the interests of the trustee or any co-debtor.
**NA.**

- h. **Secured Claims to be Paid in Full.** The following secured claims shall be paid in full by the trustee.
**NA.**

4. **Executory Contracts and Leases.**

    - a. **Assumption and Rejection.** Any executory contract or lease not assumed is rejected by confirmation of the plan. The following executory contracts and leases are assumed and will be paid directly by the debtor according to the terms of the agreement between the debtor and the creditor.

       **NA.**

    - b. trustee from funds submitted by the debtor as follows. Payment will be made coincident with payments to secured creditors.

       **NA.**

5. **Priority Claims.** Claims entitled to priority under 11 U.S.C. section 507(a) shall be paid from the funds paid by the debtor to the trustee as follows. A proof of claim must be filed for payment to issue.

    - a. **Domestic Support Obligations.**
       I. The debtor has no domestic support obligations.

    - b. **Other Priority Claims.** Other priority claims shall be paid in full as follows:
       **NA.**

6. **Interim Distribution.** Interim distribution may be made pursuant to court order to provide adequate protection and/or payment to undisputed and timely filed priority and secured claims.

7. **Chapter 7 Liquidation Test** (11 U.S.C. 1325(a)(4)). If this case were liquidated under Chapter 7 rather than reorganized under Chapter 13, the trustee would be entitled to sell, collect or recoup certain assets for the benefit of creditors. The liquidation amount which would be available for unsecured creditors, net of valid secured claims and exemptions is :

$2,000.00

The debtor certifies that at least this cash amount will be paid to the trustee for the benefit of unsecured creditors in this case.

8  **General Unsecured Claims.** Unsecured (and undersecured) creditor's claims are listed on the debtor's schedules in the approximate amount indicated below. From the funds submitted by the debtor, the trustee will pay a pro rata share according to the percentage indicated below after all other claims have been paid. A creditor must file a proof of claim by the bar date to be entitled to payment. The court will issue an order after the bar date determining the actual dividend.

|  |  |
|---|---|
| Scheduled unsecured claims: | $47,479.00 |
| Undersecured claims: | $20,000.00 |
| TOTAL: | $67,479.00 |
| Approximate percentage of unsecured claims to be paid by the Trustee: | 100% |
| Approximate amount of unsecured claims to be paid by the Trustee: | $67,479.00 |

9. **Special Provisions:** The following other special provisions of the plan appear on the attached schedules as indicated.

   a.   Co-debtor matters (11 U.S.C. 1301 & 1322(b)(1)).                     **None.**
   b.   Lien avoidance (11 U.S.C. 522).                                      **None.**
   c.   Sale of property (11 U.S.C. 363).                                    **None.**
   d.   Injunctive Relief (11 U.S.C. 3002(c)(3) and Fed.R. Bankr.P. 7001(7)).  **None.**
   e.   Other matters.

   **Special class of Unsecured Debts**: STUDENT LOANS.DEBTOR'S STUDENT LOANS WILL BE TREATED AS A SPECIAL CLASS OF UNSECUERED CREDITORS AND WILL BE PAID IN FULL DURING THE PLAN.

   **Future ability of trustee to address confirmation**: Confirmation of this plan is without prejudice on the issue of 11 USC 1325(a)(4) with respect to the trustee only, and the trustee retains the right to dispute the requirements of the liquidation test in the event the Debtors later seek to modify their plan to provide a dividend to unsecured lower than 100%, or if they seek a hardship discharge. This does not extend the same accomodations to other creditors.

10  **Property of the Estate.** Property of the estate not paid over to the trustee shall remain in the possession of the debtor. All property of the estate, whether in the possession of the debtor or the trustee, remains property of the estate subject to the Court's jurisdiction notwithstanding 11 U.S.C. 1327(b).

Dated:  03/03/14               /s/  Mark A. Swiedom
                                    Mark A. Swiedom

Dated:  03/03/14               /s/  Dawna L. Swiedom
                                    Dawna L. Swiedom

Dated:  03/04/14               /s/  E. Chris L'Hommedieu, Esq.
                                    E. Chris L'Hommedieu, Esq.
                                    Counsel for Debtor(s).
                                    190 Bates Street
                                    Lewiston ME 04240
                                    (207) 786-5244

## Chapter 13 Overall Plan

| | | |
|---|---|---|
| Mark A. Swiedom | Revision 2 | Chapter 13 |
| Dawna L. Swiedom | | 13-21049 |

***Plan Basics:*** 

| | Period | Months | Payment | Totals | Notes | | |
|---|---|---|---|---|---|---|---|
| 1st | 11/1/2013 to 4/1/2015 | 18 | $1,900.00 | $34,200.00 | | Plan Payments: | $101,910.00 |
| 2nd | 5/1/2015 to 5/1/2018 | 37 | $1,830.00 | $67,710.00 | | Plan Expenses: | $101,910.00 |
| 3rd | | 0 | $0.00 | $0.00 | | Plan Net: | $0.00 |
| Lump Pymt: | | | $0.00 | $0.00 | | | |
| Totals: | | 55 | | $101,910.00 | | Income: | $6,296.38 |
| | | | | | | Expenses: | $4,395.67 |
| | | | | | | Net: | $1,900.72 |

***Secured Claims:***

| | | Total Arrears | Total Interest | Arrears & Interest | Total Ongoing | Ongoing Mtg Payment |
|---|---|---|---|---|---|---|
| Residence in Hebron ME | Wells Fargo | $0.00 | No payments in the plan. | | | |
| 22 Ryder Street in Lewiston ME | Wells Fargo & Bank of America | $0.00 | Property will be surrendered, any deficiency to be treated as unsecured. | | | |

| | AUTO DEBTS | Amount Owed | Interest | Balance & Interest | Payment by trustee monthly | Payment at Value |
|---|---|---|---|---|---|---|
| 07 Ford Explorer Sport Trac | TD Bank | $6,800.00 | $455.60 | $7,255.60 | $600.00 | |
| 2008 Toyota Yaris | Bank of America | $3,950.00 | $264.65 | $4,214.65 | $400.00 | |
| 08 Kawasaki Mule - Farm vehicle. | Chase | $6,700.00 | $448.90 | $7,148.90 | $200.00 | |

***Unsecureds:***

| | Payout | Unsecured | |
|---|---|---|---|
| Unsecureds: | $55,668.00 | $35,668.00 | Scheduled Unsecureds *less* student loans. |
| | | $20,000.00 | Undersecured debt on Lewiston property. |
| | | $55,668.00 | Total non-student loan unsecureds. |
| Student Loans: | $11,811.00 | $11,811.00 | Student loan unsecured debts. |
| | | $67,479.00 | Total Unsecured Debts |
| | | $67,479.00 | Total Payments to unsecured Creditors. |
| | | 100% | Percent of unsecured being paid in the plan: |

***Priority Payment:***

| | |
|---|---|
| Internal Revenue Service: | $0.00 |
| Maine Revenue Service: | $0.00 |
| Domsetic Support Oblgations: | $0.00 |

***Totals:***

| | Amount |
|---|---|
| Trustee's Fees: | $10,191.00 |
| Attorney's fees allowed: | $1,200.00 |
| Admin Reserve: | $4,420.85 |
| Total Secured Claims: | $17,450.00 |
| Secured claims interest: | $1,169.15 |
| Total Priority Claims: | $0.00 |
| Total Class I Unsecured Claims: | $67,479.00 |
| Ongoing Mortgage Payments: | $0.00 |
| TOTAL EXPENSES: | $101,910.00 |
| TOTAL PAYMENTS: | $101,910.00 |
| NET: | **$0.00** |

***Chapter 13 minimum payment calculation***

| Asset | Value |
|---|---|
| | |
| **Total:** | $0.00 |

Page 1 of 1   rev. 04-Mar-14